1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

UNITED STATES OF AMERICA,

                    Plaintiff,

10

11               v.

12   TJUAN BLYE,

13                    Defendant.

Case No. CR15-348RSL

ORDER GRANTING
DEFENDANT'S MOTION
FOR COMPASSIONATE
RELEASE

14

15        This matter comes before the Court on defendant's "Emergency Motion for

16   Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)" (Dkt. #729).  Defendant has filed a

17   "Motion to Seal Exhibit A to Motion for Compassionate Release" (see Dkt. #728) and defendant

18   the government have filed motions for leave to file overlength briefs (see Dkts. #727, #731,

19   #733).  The Court, having considered the motions, exhibits, and the record contained herein,

20   finds as follows:

21        I.        PROCEDURAL MOTIONS

22        As a threshold matter, the Court finds that compelling reasons justify sealing Exhibit A to

23   defendant's motion for compassionate release.  Accordingly, defendant's motion to seal (Dkt.

24   #728) is GRANTED.  Additionally, the parties' motions to file overlength briefs (Dkts. #727,

25   #731, #733) are GRANTED.

26        II.       FACTUAL BACKGROUND

27        Defendant is a 46-year-old inmate currently detained at the Federal Detention Center

28   SeaTac ("FDC").  In 2016, defendant pleaded guilty to one count of Conspiracy to Distribute

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 1

1  Controlled Substances.  On March 14, 2017, defendant was sentenced to a term of 60-months

2  imprisonment with five years of supervised release.  See Dkt. #606.

3       Defendant is currently scheduled for release from the custody of the Federal Bureau of

4  Prisons ("BOP") on October 23, 2020.  While in BOP custody, defendant successfully

5  completed the Residential Drug Abuse Program ("RDAP") and was released to RDAP

6  transitional housing.  However, on August 6, 2019, defendant was not at his approved location

7  during a probation check.  Defendant asserts that he was one block away from his class at

8  Seattle Central Community College, at a cell phone store attempting to repair his phone to

9  ensure that his Probation Officer could reach him.  Due to this unfortunate violation, defendant

10 was sanctioned and returned to the FDC.  See Dkt. #729-7 (Ex. H).

11     **III.   LEGAL FRAMEWORK**

12      The compassionate release statute provides narrow grounds for defendants in

13 "extraordinary and compelling" circumstances to be released from prison early.  See 18 U.S.C.

14 § 3582(c).  The First Step Act of 2018 amended the procedural requirements governing

15 compassionate release.  See id.  Prior to the First Step Act's passage, only the Director of the

16 BOP could bring motions for compassionate release.  The Director rarely filed such motions.

17 See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019).  Congress

18 amended the statute to allow defendants to directly petition district courts for compassionate

19 release.  As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

20        (c) Modification of an imposed term of imprisonment.—The court may not
21        modify a term of imprisonment once it has been imposed except that—

22          (1) in any case—

23            (A) the court, upon motion of the Director of the Bureau of
            Prisons, or upon motion of the defendant after the defendant
24            has fully exhausted all administrative rights to appeal a failure
            of the Bureau of Prisons to bring a motion on the defendant's
25            behalf or the lapse of 30 days from the receipt of such a
            request by the warden of the defendant's facility, whichever
26            is earlier, may reduce the term of imprisonment (and may
            impose a term of probation or supervised release with or
27            without conditions that does not exceed the unserved portion
            of the original term of imprisonment), after considering the
28

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 2

factors set forth in section 3553(a) to the extent that they are
applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such
> a reduction; . . .
>
> (ii) . . .
>
> and that such a reduction is consistent with the
> applicable policy statements issued by the Sentencing
> Commission[.]

Prior to passing the First Step Act, Congress directed the Sentencing Commission to
promulgate a policy statement defining "extraordinary and compelling reasons" in the
compassionate release context. See 28 U.S.C. § 994(t). Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the
> sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall
> describe what should be considered extraordinary and compelling reasons
> for sentence reduction, including the criteria to be applied and a list of
> specific examples. Rehabilitation of the defendant alone shall not be
> considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy
statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)
> (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C.
> § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may
> impose a term of supervised release with or without conditions that does
> not exceed the unserved portion of the original term of imprisonment) if,
> after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent
> they are applicable, the court determines that—
>
> > (1)(A) Extraordinary and compelling reasons warrant the reduction;
> > . . .
> >
> > (2) The defendant is not a danger to the safety of any other person or
> > to the community, as provided in 18 U.S.C. § 3142(g); and
> >
> > (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 3

1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) **Medical Condition of the Defendant**—

   (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii)  The defendant is—

         (I)    suffering from a serious physical or medical condition,

         (II)   suffering from a serious functional or cognitive impairment, or

         (III)  experiencing deteriorating physical or mental health because of the aging process,

         that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) **Family Circumstances.**—

   (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

       (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**— For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment.  Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A).  The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1.  The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law[.]

U.S.S.G. § 1B1.13.

The Sentencing Commission has not updated its policy statement to reflect the amendments of the First Step Act.  See, e.g., Brown, 411 F. Supp. 3d at 449 n.1 ("As district courts have noted often this year, the Sentencing Commission has not amended the Guidelines following the First Step Act and cannot do so until it again has four voting commissioners." (citations omitted)).  However, the First Step Act renders some provisions of the Commission's

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 5

1  outdated policy statement obsolete, including that compassionate release "may be granted only

2  upon motion by the Director of the Bureau of Prisons."  U.S.S.G. § 1B1.13 cmt. n.4; see also

3  United States v. Haynes, No. 93-CR-1043 (RJD), 2020 WL 1941478, at *11 (E.D.N.Y. Apr. 22,

4  2020) ("The heart of the matter . . . is that many of these policy statements . . . not only pre-date

5  the [First Step Act] amendment of § 3582(c) but also continue to reference expressly BOP's *pre-*

6  FSA role as exclusive gatekeeper, which of course the [First Step Act] eliminated.").  From this

7  discrepancy emerges a split among district courts as to whether the Court, rather than the BOP

8  Director, can determine pursuant to U.S.S.G. § 1B1.13 cmt. n.1(D) that "there exists in

9  defendant's case an extraordinary and compelling reason other than, or in combination with, the

10  reasons described in subdivisions (A) through (C)."  See United States v. Cantu, 423 F. Supp. 3d

11  345, 350 (S.D. Tex. 2019) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

12        The government argues that the policy statement set forth in U.S.S.G. § 1B1.13 limits

13  this Court's interpretation of "extraordinary and compelling" reasons to those set forth in

14  Application Note 1(A) through (C) of the policy statement.  See Dkt. #732 at 5-11.  This Court

15  has rejected that position.  See United States v. Van Cleave, Nos. CR03-247-RSL, CR04-125-

16  RSL, 2020 WL 2800769, at *3-5 (W.D. Wash. May 29, 2020).  For the reasons set forth in

17  detail in Van Cleave, "the Court finds the guidance of U.S.S.G. § 1B1.13 persuasive, but not

18  binding." Id.  The Court will exercise its discretion to consider "extraordinary and compelling"

19  circumstances that may exist beyond those explicitly identified by the Sentencing Commission

20  in its outdated policy statement.  Id.

21        **IV.    DEFENDANT'S CIRCUMSTANCES**

22          **a.  Exhaustion Requirement**

23        Before the Court can consider the merits of defendant's motion, it must determine

24  whether he has met the statutory exhaustion requirement for compassionate release.  See 18

25  U.S.C. § 3582(c)(1)(A).  The parties agree that defendant satisfied this requirement by

26  requesting compassionate release from the FDC warden on April 16, 2020, see Dkt. #729-1 (Ex.

27  B), which was denied on April 17, 2020, Dkt. #729-2 (Ex. C).  Finding that defendant has

28

1  exhausted his administrative remedies, the Court will consider the merits of his compassionate
2  release motion.

3                      **b.  "Extraordinary and Compelling" Circumstances**

4          Defendant's motion for compassionate release is based primarily upon his heightened
5  risk of developing serious complications if he contracts COVID-19 while incarcerated at the
6  FDC.  The Court need not reiterate the widely-known information regarding the symptoms of
7  COVID-19 and the devastating global impact of the virus in recent months.  COVID-19 has
8  created unprecedented challenges for federal prisons, where inmate populations are large and
9  close contact between inmates is unavoidable.  As of June 8, 2020, the BOP reports 2,068
10 federal inmates and 185 BOP staff have active, confirmed positive COVID-19 test results.  See
11 COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited
12 June 8, 2020).  Since the BOP reported its first case in late March 2020, at least seventy-eight
13 federal inmates and one BOP staff member have died from the virus.  Id.  Luckily, there have
14 been no confirmed inmate or BOP staff cases at FDC SeaTac, and the FDC has implemented
15 measures aimed at preventing a COVID-19 outbreak.  See Dkt. #732-1.

16         The Court does not discount the dangers associated with COVID-19 nor the difficulties
17 prisons face in preventing and containing outbreaks.  However, the Court does not believe that
18 "extraordinary and compelling" circumstances are established by "the mere elevated risk of
19 contracting a pandemic virus in prison, even if such a higher risk exists."  Riley v. United States,
20 Nos. C19-1522 JLR, CR14-0113JLR, 2020 WL 1819838, at *7 (W.D. Wash. Apr. 10, 2020).
21 Therefore, the question is whether defendant's additional circumstances support compassionate
22 release.

23         A review of defendant's BOP medical records confirms he suffers from multiple health
24 issues.  While in custody, defendant has been treated for respiratory disorders, including an
25 acute upper respiratory infection.  Dkt. #730 (Ex. A) at 54, 65.  He suffers from hypertension, id.
26 at 23, 29, 33, 54, and recent bloodwork indicates that he is prediabetic, see id. at 72, 89.
27 Additionally, he has complained of a heart murmur, though his records do not indicate that he
28 has been tested or formally diagnosed.  Id. at 29, 65.  Defendant also has a history of mental

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 7

1   health issues, including depression and PTSD.  Id. at 2, 21, 23, 31.  Defendant has presented
2   evidence showing that his underlying health issues may heighten his risk for serious
3   complications if he contracts COVID-19.  Dkts. #729-4 (Ex. E), #729-5 (Ex. F), #729-6 (Ex. G).
4   Although there are currently no COVID-19 cases at FDC SeaTac, and although the BOP has
5   undertaken efforts to prevent and control outbreaks of the virus, the Court agrees with defendant
6   that the possibility of outbreak remains high.  Given the risks, it makes little sense to wait for
7   such an outbreak before considering defendant's request for health-based compassionate
8   release.[1]

9        While the Court finds defendant's heightened COVID-19 risk a compelling ground for
10  compassionate release, its consideration of defendant's circumstances is holistic.  Additional
11  considerations support the Court's determination that defendant has established "extraordinary
12  and compelling" circumstances.  First, defendant has less than five months remaining on his
13  sentence and is open to serving the remainder of his term on home confinement.  Second,
14  defendant presents compelling family circumstances.  He is currently involved in dependency
15  proceedings for his five-year-old daughter, see Dkt. #729-8, and has shown a desire to turn his
16  life around and to care for his child, see, e.g., Dkt. #734-1 (Ex. K).  Meanwhile, a social worker
17  involved in the proceedings has indicated that defendant's parental rights may be permanently
18  terminated if he is not released until October 2020.  Dkt. #729-9 (Ex. J).[2]

19       Viewing all of defendant's circumstances together, the Court finds defendant has met his
20  burden to demonstrate that "extraordinary and compelling" reasons warrant his compassionate
21  release.  18 U.S.C. § 3582(c)(1)(A)(i).

22
23

24       [1] The government cites United States v. Eberhart, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at
25  *2 (N.D. Cal. Mar. 25, 2020), for the proposition that "[g]eneral concerns about possible exposure to
    COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in
26  sentence[.]"  Id.  Defendant has provided evidence of multiple underlying health conditions that may
    heighten his risk for serious COVID-19 complications.  The Court finds that defendant demonstrates
27  more than "general concerns" about COVID-19 exposure.

28       [2] Defendant also has a 73-year-old ailing father who needs daily assistance.  Dkt. #734 at 10-11.
    The defendant's cousin is currently struggling to provide full-time care for him.  Id.

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 8

1          **c. Additional Considerations**

2          Before the Court can grant defendant's request for compassionate release, it must also

3    find that he "is not a danger to the safety of any other person or to the community, as provided

4    in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13.  The government asserts that defendant's record

5    precludes such a finding, and argues that defendant poses a danger to the community "because

6    first responders are focused on mitigating the effects of the COVID-19 outbreak, so they are less

7    equipped to prevent and respond to wrongdoing."  Dkt. #732 at 18-19.[3]  The Court disagrees.

8    The offense for which defendant has served a term of imprisonment is very serious, and

9    defendant has a lengthy and troubling criminal history.  See PSR at ¶¶ 55-79.  However,

10   defendant's past offenses were almost all drug-related and non-violent,[4] and defendant has a

11   near-perfect prison disciplinary record.  Dkt. #729-7 (Ex. H).[5]  Defendant has struggled with

12   substance abuse and addiction from a young age, see PSR at ¶¶ 121-22, but has recently

13   demonstrated prosocial behaviors, including successfully completing the RDAP.[6]  The U.S.

14   Probation Office has approved defendant's release plan, which includes residing in a supportive

15   living situation in Seattle with his long-time friend Jeannie Houston.

16         In addition, prior to granting compassionate release, the Court must assess whether a

17   sentence reduction to time served is consistent with the sentencing factors set forth in 18 U.S.C.

18   § 3553(a).  See 18 U.S.C. § 3582(c)(1)(A).  Section 3553(a) requires the Court to "impose a

19   sentence sufficient, but not greater than necessary, to comply with the purposes set forth in

20

21   _____

22         [3] The government also speculates that defendant might fail to comply with Washington state
     social distancing measures, and accordingly endanger the community's health.  Dkt. #732 at 19.  The

23   Court does not view this as a basis for denial of defendant's motion.  Defendant's health issues place
     him at heightened risk for COVID-19, and he has every incentive to engage in social distancing.

24   Moreover, in serving the remainder of his term of imprisonment in home confinement, defendant will
     pose a minimal COVID-19 risk to the community.

25
           [4] Defendant has one conviction for third degree assault, which occurred in 1999.  PSR at ¶ 70.

26
           [5] Defendant's sole infraction is the failed location check in August 2019, a non-violent violation

27   that resulted in his return to the FDC.  Id.

28         [6] Defendant has also completed numerous education courses while incarcerated.  See Dkt. #729-
     7 (Ex. H).

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 9

1   paragraph (2)," which requires that a sentence reflect the seriousness of and provide just
2   punishment for the offense.  Id.  Again, the offense that led to defendant's current term of
3   imprisonment is very serious.  But he has served most of his term of imprisonment for that
4   offense, and now has less than five months remaining on his sentence.

5       Considering these circumstances, the Court intends to convert defendant's short
6   remaining term of imprisonment into a term of home detention as an additional condition of
7   supervised release.  The Court is satisfied that releasing defendant to home confinement less
8   than five months before his existing release date will (1) not endanger the safety of any other
9   person or the community within the meaning of 18 U.S.C. § 3142(g) and (2) satisfy the
10  objectives of 18 U.S.C. § 3553(a).

11      V.    **CONCLUSION**

12      For all the foregoing reasons, defendant's Motion for Compassionate Release (Dkt. #729)
13  is GRANTED.  Additionally, defendant's Motion to Seal (Dkt. #728) and the parties' motions
14  for leave to file overlength briefs (Dkts. #727, #731, #733) are GRANTED.

15      IT IS HEREBY ORDERED that defendant's custodial sentence be reduced to time
16  served and that the remaining term of incarceration be converted into four (4) months of home
17  detention as an additional condition of supervised release.  All other provisions of sentencing
18  remain as previously set.  Upon completion of the term of home detention, defendant shall begin
19  serving the five-year term of supervised release previously imposed by the Court.

20      IT IS FURTHER ORDERED that defendant be released from the custody of the Bureau
21  of Prisons immediately but no later than within 24 hours of the entry of this Order.  Defendant
22  shall contact the United States Probation Office in Seattle within 24 hours of his release and
23  follow its instructions.  Finally, upon release from custody, defendant shall self-quarantine for a
24  period of 14 days.

25      IT IS SO ORDERED.
26      //
27      //
28

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 10

1  DATED this 9th day of June, 2020.

2

3

4  *MM S Lasnik*

Robert S. Lasnik
5  United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 11